IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Swihart, | : | |
| Plaintiff | : | Case No. 2:04-cv-893 |
| v. | : | Judge Smith |
| Director Reginald Wilkinson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Order**

Plaintiff Michael Swihart, a prisoner at the Madison Correctional Institute, brings this action under 42 U.S.C. § 1983 alleging that defendants Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction; Margarette T. Ghee, former Chairperson of the Ohio Adult Parole Authority ("OAPA"); Gary Croft, current Chairperson of the OAPA; and all former and current members of the OAPA from 1990 and forward are or have been violating plaintiff's substantive and procedural due process rights by retroactively applying current parole eligibility guidelines which deny plaintiff any parole or furlough eligibility. This matter is before the Court on plaintiff Swihart's August 10, 2005 objections to the Magistrate Judge's June 22, 2005 Report and Recommendation (doc. 23).

As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the defendant specifically objects. Upon *de novo* review, the Court **OVERRULES** the defendant's objection.

1

Background. Plaintiff was convicted of two counts of murder and one count of aggravated murder. Compl. ¶ 18. Mr. Swihart was sentenced to death, but his sentence was modified to life imprisonment, making him eligible for parole and furlough consideration. *Id.* at ¶¶ 18-19. The complaint alleges that at plaintiff's first hearing before the Ohio Adult Parole Authority ("OAPA") on September 9, 1992, plaintiff's sentence was continued for ten more years. In March 1998, new parole eligibility guidelines were implemented. *Id.* at ¶ 21. On September 9, 2002, the OAPA applied the new guidelines to plaintiff and altered his parole eligibility to 300 months to life. *Id.* at ¶ 22. The complaint asserts that the OAPA stated in writing and verbally that they had no intention of recognizing plaintiff's parole eligibility because his death penalty sentence had been modified. *Id.* at ¶ 23. Plaintiff maintains, however, that when his sentence was modified from death to life, he had a protected liberty interest in being eligible for parole, although he recognizes he has no such protected liberty interest in obtaining release on parole.

Plaintiff argues that defendants have violated his constitutional rights under the Ex Post Facto Clause of Article I, § 10, cl.1, the Privileges and Immunities Clause of Article IV, the Eighth Amendment, and the Fourteenth Amendment by retroactively applying the new guidelines to increase his parole eligibility from 15 years into 300 months. Plaintiff also asserts that defendants are violating the Ohio Administrative Code. Plaintiff seeks a declaratory judgment and injunctive relief to provide him with a new parole eligibility hearing that conforms with Ohio law and regulations at the date of his conviction and sentencing. Plaintiff also seeks monetary and punitive damages against defendants in their individual capacities.

Arguments of the Parties.  Plaintiff argues that the Magistrate Judge failed to recognize that *Greenholtz v. Inmates of Nebreaska Penal & Correctional Complex*, was abrogated by *Sandin v. Connor*.  Plaintiff maintains that he established a claim for deprivation of due process with respect to defendants' practices regarding his furlough and true parole eligibility and suitability through their unconstitutional practices, policies, and procedures.  Plaintiff argues that to properly assess plaintiff's due process claim the Court must consider the nature of the deprivation rather than the language of a particular regulation. Plaintiff maintains that by retroactively applying the 1998 guidelines, defendants have modified his parole eligibility and suitability from fifteen years into 300 months.  Plaintiff also argues that the minimum end and the maximum end of the sentence are protected by due process rights.

Plaintiff also argues that the Magistrate Judge erred when he concluded that defendants' "so-called" parole eligibility/suitability hearing was a meaningful hearing that satisfied the requisites of the Constitution.  Plaintiff asserts that he is not arguing that he is entitled to parole, instead he contends that he is entitled to a genuine hearing to determine whether he is suitable for parole.

Plaintiff further argues that the Magistrate Judge erred by holding that plaintiff's furlough claim was based on the Ex Post Facto Clause.  Plaintiff argues that he did not allege that section 5120-2-10 of the Ohio Administrative Code had been altered.  Instead, his position is that defendants have ignored this provision and taken away his rights to be heard concerning consideration for furlough through the use of an override device outlined in policy 53-CLS-01 Inmate Security Classification Levels 1 through 4A.

Plaintiff objects to the Magistrate Judge's conclusion that the current parole eligibility guidelines did not violate the Ex Post Facto Clause because they are not a product of the legislature.  Plaintiff contends that the legislative power includes the power to delegate rule making and regulatory powers to departments in the executive branch.  As a result, plaintiff maintains that the parole eligibility guidelines are a legislative product.

Plaintiff also objects to the Magistrate Judge's finding that it is permissible for defendants to consider his vacated death sentence.  Plaintiff maintains that defendants are using his vacated sentence in a retaliatory manner denying him meaningful parole consideration in violation of the Eighth Amendment.

Finally, plaintiff objects to the Magistrate Judge's conclusions with respect to respondeat superior and absolute and qualified immunity.  Plaintiff maintains that defendants should be held liable in their individual and official capacities for declaratory and injunctive relief, and monetary damages.

Defendants maintain that plaintiff cannot state a claim for a violation of his due process rights because no right for release on furlough or parole exists. Defendants also argue that plaintiff fails to state an ex post facto claim or a claim of cruel and unusual punishment.  Finally, defendants contend that plaintiff is not permitted to pursue money damages in challenging parole procedures and that state parole board members are absolutely immune from suit for money damages for actions taken with respect to denying parole.

<u>Discussion</u>. Plaintiff argues that although he has had two parole hearings and is scheduled to have a third in 2007, he has failed to receive meaningful review of his parole eligibility and suitability.  Under Ohio law, a prisoner has no entitlement to release on parole.

4

*Jago v.  Van Curen*, 454 U.S. 14, 20-21 (1981); *Wagner v.  Gilligan*, 609 F.2d 866, 867 (6th Cir. 1979).  The OAPA has the discretion to deny a prisoner release on parole before the expiration of his prison sentence.  *Wilkinson v.  Dotson*, 125 S.  Ct.  1242, 1248 (2005).

Plaintiff asserts that he did not receive a meaningful parole release hearing because the OAPA applied the 1998 parole guidelines and considered plaintiff's original death penalty sentence.  Plaintiff argues that the Magistrate Judge erred when he concluded that the 1998 guidelines did not violate the Ex Post Facto Clause.  The Ex Post Facto Clause prohibits the enactment of laws that increase the punishment for a crime beyond the punishment prescribed for the crime when it was committed. Plaintiff points to *Peachtree Development Company v. Paul*, 67 Ohio St.  2d 345 (1981) for the proposition that the 1998 parole eligibility guidelines are a legislative product.  The Ohio State Supreme Court stated that

> [t]he test for determining whether the action of the legislative body is legislative or administrative is whether the action take is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence.

*Id.*  at 350.  Here the OAPA is administering a law by exercising its discretion whether or not to grant an inmate parole.  To assist in this process, the OAPA developed guidelines, but the OAPA is not bound by these guidelines. Under these guidelines, plaintiff's recommended period of incarceration is a minimum of 300 months, but the OAPA retained the discretion to grant him parole after he had served a full fifteen years.  *Adams v. Upper*, 67 F.3d 299, 1995 WL 570915, at*2 (6th Cir. 1995) ("[P]arole guidelines that do not divest a parole board's discretion in granting parole do not qualify as ex post facto laws.");  *State ex rel Johnson v.  Ohio Adult Parole Authority*, 104 Ohio St.  3d 421, 423 (2004).

Plaintiff relies on *Muhammad v. Kinkela*, No. 00AP-525, 2000 Ohio App. Lexis 6012 (Dec. 21, 2000, 10th App. Dist), which permitted an inmate to proceed on his claim that the parole board violated Ohio Revised Code § 2967.13(g) by changing his parole eligibility from twenty to twenty-five years. The *Muhammad* plaintiff brought his claims based on the Ex Post Facto Clause of the Ohio and United States Constitutions and the statutory law of Ohio. The *Muhammad* Court dismissed the inmate's claim on the Ex Post Facto Clause and permitted him to go forward on his state law claim. To the extent that plaintiff's claims exist, they do so under state law, and as a result are also barred by sovereign immunity.

Although the complaint also alleges that plaintiff was denied due process of law when the OAPA arbitrarily altered his "real parole eligibility of 15 full years into 300 months," the Magistrate Judge found that plaintiff's complaint and his briefs opposing defendants' motion to dismiss failed to illuminate a detailed explanation of the alleged due process violation. Compl. at ¶ 32. In *Sandin*, the Supreme Court ruled that due process interests created by prison regulations will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner giving rise to due process protections, nonetheless impose an atypical and significant hardship on an inmate in relation to ordinary incidents of prison life. *Sandin*, 515 U.S. at 484. Plaintiff has not asserted that his maximum sentence has been exceeded or that an atypical and significant hardship has been imposed. Plaintiff asserts that he has a protected liberty interest in both his minimum and maximum sentence; however, he provides no case law to support this assertion.

As the Magistrate Judge concluded, the guidelines attempt to quantify the length of time a prisoner with the defendants' characteristics who committed the crimes he was convicted of

should serve in prison before being released on parole.  While a guideline, the predicted length of incarceration does not prohibit the OAPA from exercising its statutorily given discretion to release a defendant on parole even though he has not yet served the guideline term in prison. The Magistrate Judge correctly concluded that the parole board considered him individually and exercised its discretion to continue him in prison, rather than mechanically applying the guidelines.  The OAPA recognized that plaintiff had already served 299 months and considered the facts relevant to its release decision. The board determined that plaintiff's Criminal History/Risk Score was "0," and his guideline range was 300 months to life.  His total time served was 299 months.  His conduct as an inmate added 0 months to the guideline range.  Based on the offender's offense behavior involving the death of family, and in deference to court's sentence of death which was later commuted to life, the OAPA opted to continue plaintiff until he had served 360 months.  The board's reliance on the original sentence of death is permissible. Due process does not forbid the board from considering the death penalty originally imposed by a three-judge panel as a gauge to the serious nature of the offenses committed.  As noted by the Magistrate Judge, under Ohio law both then and now, it was well-within the authority of the three-judge panel to impose a death sentence. That sentence was set aside solely because after it was imposed the United States Supreme Court struck down Ohio's death penalty statute as unconstitutional in *Lockett v.  Ohio*, 438 U.S. 586 (1978).

With respect to Ohio Administrative Code § 5120-2-10, plaintiff argues that the Magistrate Judge misunderstood his argument.  Rather than arguing that section 5120-2-10 was altered, plaintiff contends that defendants have ignored this provision and taken away plaintiff's right to furlough through an override device in policy number 53-CL-01.  *See* Pl.'s exh.  D.  This

7

policy provides a non-discretionary override which denies reduction to Level 1A. Level 1A is the lowest security level in the classification system, which provides inmates with the most privileges and may permit inmates to work off the grounds of the correctional institution.

Plaintiff is asking this Court to rule on whether or not the OAPA is exceeding its authority by promulgating policies which frustrate the statutes and regulations of the Ohio legislature and state agencies. This Court, however, is without authority to do so. Plaintiff's claim must be dismissed because under the Eleventh Amendment, absent a state's unequivocal consent, a federal district court cannot order state officials to conform their conduct to state law. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983).

The Magistrate Judge also correctly found that state parole board members are absolutely immune from suit for money damages for actions taken with respect to denying parole. *See Fleming v. Martin*, 24 Fed. Appx. 258, 2001 WL 1176354 (6th Cir. Sep. 26, 2001) *and Hawkins v. Morse*, 194 F.3d 1312 (6th. Cir. 1999).

Conclusion. Accordingly, plaintiff's objections to the Magistrate Judge's Report and Recommendation are OVERRULED. The Court hereby adopts the Report and Recommendation. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants. This action is hereby DISMISSED.

        /S/ George C. Smith
        George C. Smith
        United States District Judge